# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HAYS, *et al.*,

    Plaintiffs,

v.

CLARK COUNTY, NEVADA, *et al.*,

    Defendants.

Case No. 2:07-cv-1395-LDG (PAL)

**ORDER**

    The plaintiffs, Robert Hays, and his five children move the court to reconsider (#102) that portion of an Order entered by the court regarding amendment of their claims against defendant Thomas J. Moreo. Moreo opposes the motion (#103). The court will deny the motion.

    In 1993, Robert was convicted by a jury in state court for sexual assault of and lewdness with his then eight-year-old daughter, Jennifer. In 2007, the court granted Roberts' petition for a writ of habeas corpus.

    The plaintiffs brought this action against participants in his criminal conviction including Moreo. Moreo, who prosecuted the underlying criminal action, moved to dismiss the claims against him, arguing that he was entitled to absolute prosecutorial immunity for all of his conduct as alleged by the plaintiffs in their complaint.

1 | In reviewing the complaint, the court determined that certain allegations established
2 | that, at least to some extent, the plaintiffs' claims arose from Moreo's prosecutorial
3 | conduct. As Moreo is entitled to absolute immunity for his prosecutorial acts, the court
4 | dismissed the claims with prejudice to the extent they relied upon such conduct.

5 | The court also found that the plaintiffs had made conclusory allegations that Moreo
6 | engaged in investigative conduct for which he would not be entitled to absolute immunity if
7 | Moreo engaged in such conduct outside of his prosecutorial function. The court dismissed
8 | the plaintiffs' claims without prejudice to the extent they relied upon these conclusory
9 | allegations, and granted leave to amend the complaint to assert non-conclusory allegations
10 | of fact that would state claims against Moreo showing that he would not be entitled to
11 | absolute immunity.

12 | In their present motion, the plaintiffs argue that the court's leave to amend imposed
13 | upon them a heightened pleading standard that is contrary to *Crawford-El v. Britton*, 523
14 | U.S. 574 (1998) and *Galbraith v. Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

15 | The court disagrees that it imposed a heightened pleading standard. Rather, the
16 | standard that the plaintiffs must meet is that which the Supreme Court outlined in *Bell*
17 | *Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007): they must allege
18 | "only enough facts to state a claim to relief that is plausible on its face." Nevertheless,
19 | while a complaint "does not need detailed factual allegations, a plaintiff's obligation to
20 | provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
21 | conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*,
22 | at 555. (citations omitted).

23 | Bare, conclusory allegations, including legal allegations couched as factual, are not
24 | entitled to be assumed to be true. *Id.* "[T]he tenet that a court must accept as true all of
25 | the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v.*
26 | *Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court looks to the factual allegations of the complaint. Any consideration of the conclusory statements of a complaint will be given only to extent those conclusions are supported by the factual allegations.

Finally, the Supreme Court has made clear that, to be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

That the plaintiffs may not rely upon mere labels and conclusions is critical in this matter because, as the plaintiffs have alleged and must concede, Moreo prosecuted Robert. The plaintiffs cannot rely solely upon allegations that are consistent with a claim arising from non-prosecutorial conduct. Rather, because Moreo prosecuted the criminal action, a more likely explanation for such conduct is that it was performed in his prosecutorial capacity. Moreo is entitled to absolute immunity--that is, he is entitled to immunity from suit--for such prosecutorial conduct. Accordingly, to state a claim that is plausible on its face against Moreo, the plaintiffs must allege sufficient facts showing that the claims they seek to maintain against Robert's prosecutor rest only upon the prosecutor's non-prosecutorial acts.

In sum, the court's requirement that the plaintiffs allege facts, rather than labels and conclusions, to state a claim against a prosecutor that is plausible on its face (and not barred by absolute immunity) is not a heightened standard of pleading, but is the standard

1 | of pleading established by the Supreme Court. Accordingly,

2 |     THE COURT **ORDERS** that plaintiffs' motion to reconsider (#102) is DENIED.

4 | DATED this __22__ day of July, 2009.

_____
Lloyd D. George
United States District Judge

4